IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

JOSHUA E. HARDIN
KRISTEN J. HARDIN,

    *Plaintiffs,*

Case No. **ELH 15 CV 3314**

v.

OCWEN LOAN SERVICING, LLC
AKA OCWEN LOAN SERVICING, INC,

    *Defendant.*

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1442, and 1446, Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), hereby removes this action from the Circuit Court for Anne Arundel, Maryland, and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a). Accordingly, Defendant removes this action and in support of its Notice of Removal states the following:

## BACKGROUND

1.     On August 26, 2015, Plaintiffs Joshua E. Hardin and Kristen J. Hardin ("Plaintiffs") filed a Complaint against Ocwen Loan Servicing, LLC, in the Circuit Court for Anne Arundel County, Maryland, in an action styled *Joshua E. Hardin and Kristen J. Hardin v.*

*Ocwen Loan Servicing, LLC aka Ocwen Loan Servicing, Inc.*, Case No. c-02-cv-15-002805 (the "State Court Action"). A copy of the Complaint filed in state court is attached hereto as **Exhibit A**. Upon information, all other documents in the state court's file are attached collectively as **Exhibit B**.

2.      In the Complaint, Plaintiff purports to allege the following causes of action:

    (i)      Count I – "Fair Credit Reporting Act Impermissible Pull (Class Action Claim)" – (Compl. ¶¶ 88-100);

    (ii)     Count II – "FCRA Failure to Investigate Claim (Individual Claims Only)" – (Compl. ¶¶ 101-109);

    (iii)    Count III – "FDCPA (Individual Claims Only)." – (Compl. ¶¶ 110-123);

    (iv)     Count IV – "MCDCA (Individual Claim Only)" (Compl. ¶¶ 124-131);

    (v)      Count V – "MCPA (Individual Claims Only)" (Compl. ¶¶ 132-135); and

Plaintiffs ask the Court to award actual damages and losses (including economic and non-economic) of greater than $75,000.00, statutory damages, and attorney's fee and costs (*See* Compl. ¶¶ 100, 109, 123, 130-131, 135).

3.      Upon information and belief, Ocwen was served with the Complaint on October 2, 2015.

4.      This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

## GROUNDS FOR REMOVAL

### Diversity Jurisdiction

5.      This Court has original diversity jurisdiction over Plaintiffs' lawsuit pursuant to 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441. *See Receivership Estate*

*of Mann Braken, LLP v. Cline*, 2012 U.S. Dist. LEXIS 98228 (D. Md. July 13, 2012) ("'A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims.  Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different states.'").  All requirements for such jurisdiction are met.

6.      28 U.S.C. § 1332 provides that district courts have original jurisdiction over lawsuits where there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See Collins v. Wal-Mart Stores E., LP*, No. WDQ-13-0532, 2014 U.S. Dist. LEXIS 17972, at *9 (D. Md. Feb. 12, 2014) (stating that "in diversity cases, a sufficient notice of removal must allege only 'that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332'") (citations omitted).

7.      The citizenship of the parties is completely diverse.  *See Collins*, 2014 U.S. Dist. LEXIS, at *9 ("Diversity jurisdiction requires complete diversity—'there is no plaintiff and no defendant who are citizens of the same State'").

8.      Upon information and belief, Plaintiffs are citizens of Maryland.  (*See* Compl. ¶ 1).

9.      Defendant Ocwen is a limited liability company organized under the laws of Delaware, with its principal place of business in Florida.  The sole member of Ocwen is Ocwen Financial Corporation, which is a citizen of Florida because its state of incorporation and principal place of business are located in that state.  Accordingly, for purposes of federal

jurisdiction, Ocwen is not a citizen of the State of Maryland. *See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2012) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."); *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 121 (4th Cir. 2004) (holding that limited liability company's "citizenship is that of its members"). Therefore, Ocwen does not have citizenship in Maryland for purposes of determining diversity jurisdiction.

10.    The amount in controversy requirement well exceeds $75,000, exclusive of interest and costs. Plaintiffs explicitly seek actual damages and losses (including economic and non-economic) of greater than $75,000.00, statutory damages, and attorney's fee and costs (*See* Compl. ¶¶ 100, 109, 123, 130-131, 135).

11.    Defendant denies the allegations in the Complaint, denies that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, they could have originally filed their Complaint in this Court under diversity jurisdiction.

## Federal Question Jurisdiction

12.    Federal question jurisdiction pursuant to 28 U.S.C. § 1331 may exist over this action if the claims asserted by Plaintiffs in their Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.

13.    District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The Supreme Court has long recognized . . . that federal-question jurisdiction is not limited to cases where federal law creates the cause of action." *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557 (4th Cir. 1999). Even "[w]here state law creates the cause of action, federal-question jurisdiction will nonetheless lie if the 'plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). It is also well established that federal jurisdiction exists even when a complaint only purports to assert state law claims if the resolution of those claims depends on significant questions of federal law. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005). Indeed, in determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form. *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect").

14.     In their Complaint, Plaintiffs allege that Defendant violated the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), [Compl. ¶¶ 88-109)], and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). (Compl. ¶¶ 110-123). Thus, this Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

15.     To the extent that Plaintiffs also assert a claim purporting to arise under the common law of the State of Maryland or the Code of Maryland, these claims are related to the Plaintiffs' federal claims for alleged violation of the FCRA and FDCPA, which are within the original jurisdiction of this Court. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

16.     Defendant denies the allegations in the Complaint, denies that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, they could have originally filed their Complaint in this Court under federal question

jurisdiction because resolution of Plaintiffs' claims will require determination of significant, disputed issues under federal law.

17.     Accordingly, this case qualifies for federal question jurisdiction and is removable because Plaintiffs' Complaint alleges claims under, and requires a ruling on, the federal FCRA and FDCPA.  To the extent that Plaintiffs also assert claims purporting to arise under the common law of the State of Maryland or the Code of Maryland, these claims are related to the Plaintiffs' federal claims for alleged violation of the FCRA and FDCPA, which is within the original jurisdiction of this Court.  The Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

## VENUE

18.     Venue is proper in this Court because this district and division encompass the Circuit Court for Anne Arundel County, Maryland, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## NOTICE

19.     Concurrent with filing this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court for Anne Arundel County, Maryland, and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing of Notice of Removal, without exhibits, is attached hereto as **Exhibit C**.

20.     If any questions arise as to the proprietary of the removal of this action, Defendant requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant, Ocwen Loan Servicing, LLC, hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

6

Dated:  October 29, 2015

Respectfully submitted,

**OCWEN LOAN SERVICING, LLC**

By: _____

John C. Lynch, Esq. (MD Bar No. 12963)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
E-mail: john.lynch@troutmansanders.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2015, a copy of the foregoing Notice of

Removal was sent by Federal Express to:

Peter A. Holland
The Holland Law Firm, P.C.
1910 Towne Centre Blvd. Ste. 250
P.O. Box 6268
Annapolis, MD 21401
peter@hollandlawfirm.com

Scott C. Borison
Legg Law Firm, LLP
1900 S. Norfolk Rd. Suite 350
San Mateo, CA 94403
Borison@legglaw.com

*Counsel for Plaintiff*


John C. Lynch, Esq. (MD Bar No. 12963)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
E-mail: john.lynch@troutmansanders.com

*Counsel for Defendant*